IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN JAMES FOLEY, HF-5740, )
    Petitioner, )
     )
    v. ) 2:17-cv-1260
     )
SUPT. MOONEY, et al., )
    Respondents. )

MEMORANDUM and ORDER

Kevin James Foley, an inmate at the State Correctional Institution-Retreat has presented a petition for a writ of habeas corpus seeking to challenge his conviction and imposed life sentence at CP-32-CR-1170-2007 in the Court of Common Pleas of Indiana County, Pennsylvania. This sentence was imposed on June 1, 2009.[1]

Attached to the petition is a copy of the October 14, 2015 Memorandum of the Superior Court setting forth the chronology of events in his prosecution:

> On June 1, 2009, the trial court sentenced Appellant to life imprisonment without the possibility of parole. Appellant timely appealed, and after this Court affirmed his judgment of sentence … our Supreme Court denied his subsequent petition for allowance of appeal…
>
> On December 30, 2013, Appellant filed a timely, *pro se* PCRA petition… On December 22, 2014 Judge Martin issued an opinion and order denying Appellant's PCRA petition.
>
> Appellant filed a timely notice of appeal…

On October 14, 2015 the denial of post-conviction relief was affirmed. Allowance of appeal was denied by the Pennsylvania Supreme Court on March 29, 2016.[2]

Foley filed a second post-conviction petition which was denied on August 4, 2016.[3] This denial of relief was affirmed by the Superior Court on August 29, 2017 at which time the Court wrote, "as Appellant failed to prove an applicable exception to the PCRA timeliness

---

[1] See: Petition at paragraphs 1-6.
[2] See: Attachment to the petition as well as the docket of the Court of Common Pleas of Indiana County at CP-32-CR-1170-2007 at p. 55 which can be located at https://ujsportal.pacourts.us.
[3] Id. At p. 56.

1

requirements, we conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed."[4]

In his petition executed on September 3, 2017 and received in this Court on September 28, 2017, Foley contends he is entitled to relief on the following grounds:

1. Was the admission of the testimony of Dr. Mark Perlin in violation of the Frye test in that the testimony did not derive from any methodology generally accepted within the relevant scientific community?
2. The Court erred in excluding the testimony of Bette Morris, which was both relevant and admissible to demonstrate another person had the motive to kill Dr. Yelenic.
3. The verdict was against the weight of the evidence.
4. The trial court abused its discretion in permitting any show print evidence to be admitted at trial.
5. The court erred in instructing the jury on the permissive inference of malice from the use of a deadly weapon.
6. Whether trial counsel provided Foley with ineffective assistance of counsel.
7. Whether Foley's sentence was illegally enhanced in violation of the law as well as Alleyne v. U.S. which must be applied retroactively based on fundamental fairness, the standards for treatment of similarly situated defendants and based on the U.S. Supreme Court's redefining of Teague v. Lane in the case of Montgomery v. Louisiana.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[4] See: Id. at p.59 as well as the Memorandum of the Superior Court filed on February 27, 2017 at 1259 WDA 2016.

pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, it appears that the petitioner was sentenced on June 1, 2009; his conviction was affirmed on February 15, 2012 and leave to appeal was denied on January 4, 2013. Thus his conviction became final on April 4, 2013. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). He filed a timely post-conviction petition on December 27, 2013 which was denied on October 22, 2014; the denial of relief was affirmed on October 14, 2015 and leave to appeal was denied on March 29, 2016. Foley filed a second post-conviction which was dismissed and the Superior Court affirmed the dismissal of the petition as time barred on February 27, 2017. Thus it was not "properly filed." The instant petition was executed on September 3, 2017 and received in this Court on September 28, 2017.

The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one-year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner's post-conviction petition was ultimately denied on March 29, 2016. An untimely post-conviction petition was filed and dismissed August 4, 2016 and the Superior Court affirmed the dismissal of the second post-conviction petition as untimely on February 27, 2017. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one- year period in which to seek relief has expired, and the petition here is time barred unless a basis for equitable tolling exists. Day v. McDonough, 547 U.S. 198 (2006); United States v. Bendolph, 409 F.3d 155 (3dCir. 2005)(en banc).

Accordingly, the petitioner will be directed to show cause, if any, why the instant petition should not be dismissed as time barred.

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

And now, this 4th day of October, for the reasons set forth in the foregoing Memorandum, the petitioner is directed to show cause, if any, on or before October 18, 2017 as to why the instant petition should not be dismissed as time barred.

s/ Robert C. Mitchell<br>United States Magistrate Judge